RECEIVED
JUN 2 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTHA HANCOCK                    CIVIL ACTION NO. 03-1320

versus                            JUDGE HICKS

PERSONACARE OF SHREVEPORT,        MAGISTRATE JUDGE PAYNE
INC., ET AL.

## MEMORANDUM ORDER

Martha Hancock filed this tort suit based on the care of her late husband when he was a resident of Irving Place Rehabilitation and Nursing Center, which is located in Shreveport. The original named defendant is Personacare of Shreveport, Inc. ("Personacare of Shreveport").

Personacare of Shreveport removed the case based on an assertion of diversity jurisdiction. It alleges that plaintiff is a citizen of Louisiana. A corporation such as Personacare of Shreveport is deemed a citizen, for purposes of diversity jurisdiction, of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Personacare of Shreveport, d/b/a Irving Place Rehabilitation and Nursing Center, states in it's the Notice of Removal: "Defendant, Irving Place, is a Delaware Corporation with its principal place of business in Kentucky." (Doc. 2, ¶ 6).

The court is always called upon to decide citizenship in a diversity case, even on its own motion, and assure itself that it has subject matter jurisdiction. Carden v. Arkoma

Associates, 110 S.Ct. 1015, 1021 (1990). The plaintiff has not challenged Personacare of Shreveport's allegation that it has its principal place of business in Kentucky, but the court desires that there be additional facts in the record to support that assertion and to permit the court to ascertain the existence of diversity jurisdiction before it proceeds to address the many issues raised in the pending motions. If it is determined that Personacare of Shreveport has its principal place of business in Kentucky, the court will proceed to address the pending motions. If, however, it is determined that Personacare's principal place of business is in Louisiana, diversity will be lacking and the case will have to be remanded to state court.

A corporation's principal place of business is a matter of federal law and is determined in the Fifth Circuit by the "total activity" test. The test has two sub-tests: (1) nerve center and (2) place of activity. The court must examine the totality of the facts, including the corporation's organization and the nature of its activities, to determine which of the focal points predominates. Generally, when a corporation has its sole operation in one state and executive offices in another, the place of activity is regarded as more significant. But if the corporation has far flung operations in multiple states, the nerve center or executive office of the corporation may be more significant. Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004); J. A. Olson Co. v. City of Winona, 818 F.2d 401 (5th Cir. 1987).

The current record shows only that Personacare of Shreveport operates a nursing home in Louisiana. There are no facts articulated to indicate why Kentucky is alleged to be the corporation's principal place of business. Under the circumstances, specific facts are

needed to support that allegation. Relevant facts may include whether Personacare of Shreveport conducts activities other than the operation of the Shreveport facility, where those activities are located, the proportion of corporate revenues earned from Louisiana operations as opposed to any operations in other states, the number of employees in Louisiana versus other states, and the location of various corporate officers and executives.

Information relevant to this issue should be well known to Personacare of Shreveport and capable of ready presentation by affidavits and documents, but Plaintiffs may reasonably desire to conduct discovery to explore the facts. The court desires to resolve this jurisdictional issue promptly so as to not unduly delay progress on the merits, so the parties are encouraged to cooperate in scheduling any depositions and stipulating to facts when possible, so as to save time and expense. **Plaintiffs shall serve any interrogatories or requests for admission on this issue no later than July 11, 2005.** The deadline for Personacare of Shreveport to serve **responses** to any such written discovery requests is set for **July 29, 2005**. See F.R.C.P. 33(b)(3) and 36(a) (permitting the court to direct a response date).

Personacare of Shreveport, as the removing party who invoked the limited jurisdiction of the federal courts, bears the burden of establishing the basis for subject matter jurisdiction. Teal, 369 F.3d at 878 n. 16; B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). It will be allowed until **August 5, 2005** to file a memorandum and supporting evidence that provide specific facts to support a finding that Personacare of Shreveport has its principal

place of business in Kentucky. Plaintiff will be permitted until **August 12, 2005** to file her own memorandum and evidence regarding that issue. If the materials offered are deemed inadequate to permit a proper resolution of the issue, the court may then order a hearing to receive testimony and additional evidence before passing on the issue.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 29 day of June, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE