RECEIVED
JUL 2 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARTHA HANCOCK | CIVIL ACTION NO. 03-1320 |
| versus | JUDGE HICKS |
| PERSONACARE OF SHREVEPORT, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is Defendants' **Motion to Compel Discovery Responses (Doc. 99)**. For the reasons that follow, the motion is **granted in part and denied in part** as follows:

**Interrogatory No. 1**: Denied. An interrogatory seeking another party's "witness list," or a list of persons an attorney expects to call at trial, is improper in federal court. That information is generally considered to be protected work product because it reflects the attorney's mental impressions of or strategies for the case. In contrast, an interrogatory seeking the identities of all persons having knowledge of any discoverable matter is proper. Such an interrogatory does not seek a witness list which might disclose a lawyer's mental impressions of or strategies for the case; instead, it merely seeks facts. In this case, Defendants' interrogatory seeks a witness list ("Please identify each fact witness who you reasonably plan to call at any Hearing or Trial...."). As such, it is improper. The zone of privacy afforded witness lists is limited, however, and that privacy must yield to concerns of orderly trial preparation and preventing unfair surprise at trial. In this court, the exchange

of witness lists is governed by deadlines in the court's Scheduling Order, and the deadlines in this case for the exchange of witness lists already have passed. There is no contention by Defendants that Plaintiffs did not provide a witness list as required by the Scheduling Order. The parties are reminded of their duty to supplement their disclosures. Rule 26(e); Wright, Miller & Marcus, Federal Practice & Procedure, § 2013 at pp. 201-202. See also Rule 37(c)(1)(automatic exclusion of evidence for failure to disclose).

**Interrogatory No. 2**: Denied. The deadlines for the exchange of expert reports and expert depositions already have passed. The court assumes each expert who will testify in this case has already provided an expert report. It is unnecessary to propound an interrogatory asking for the identities of experts after the expert reports have been exchanged.

**Interrogatory No. 4**: Denied. In light of the other document and deposition discovery that has taken place in this case, the court finds this interrogatory (which references the allegations of at least seven paragraphs of Plaintiffs' complaint) is unduly burdensome.

**Interrogatory No. 7**: Granted in part and denied in part. The court finds that Plaintiffs did not waive their objections. Even though Plaintiffs or their counsel may have expended much time, effort and/or money in identifying potential witnesses, the names and addresses of persons having knowledge of any discoverable matter are not work product. Hittner, Federal Civil Procedure Before Trial, Section 11:876. Therefore, the names and addresses of persons having knowledge of any discoverable matter in this case who responded to Plaintiffs' newspaper advertisement must be disclosed. Plaintiffs' counsel

cannot shield the identity of those persons by running a newspaper advertisement asking them to come forward and then claim privilege or immunity with regard to those persons who were identified when they responded to the advertisement. However, Plaintiffs' counsel need not identify those persons who called them regarding their own potential claims and who do not have knowledge of any discoverable matter in *this* case.

**Interrogatory No. 8**: Granted. Plaintiffs are ordered to supplement their response.

**Interrogatory No. 9**: Granted. Plaintiffs are ordered to supplement their response.

**Interrogatory No. 11**: Granted. Plaintiffs are ordered to supplement their response. Merely referring Defendants to the allegations of the Third Amended Complaint is not sufficient.

**Interrogatory No. 12**: Granted. Plaintiffs are ordered to supplement their response. The reference to the "complaints" in the Third Amended Complaint does not answer the questions posed in the interrogatory.

**Interrogatory No. 15**: Granted. Plaintiffs are ordered to supplement their response.

**Request for Production No. 1**: Granted. Plaintiffs are ordered to supplement their response.

**Request for Production No. 2**: Denied. The exchange of exhibits is governed by the deadlines set forth in the Scheduling Order. See discussion regarding Interrogatory No. 1.

**Request for Production No. 3**: Denied. The exchange or disclosure of demonstrative aids will be discussed at the pretrial conference.

**Request for Production No. 5**: Denied.

**Request for Production No. 6**: Defendants claims they saw Plaintiff reference a journal in her deposition. However, Plaintiffs' response is that no such journal or diary exists. Based on Plaintiffs' response, this part of Defendants' motion is denied. However, if the representation made by Plaintiffs in their discovery response proves incorrect, appropriate sanctions will be imposed.

**Request for Production No. 7**: Denied. The written or recorded statements of witnesses are protected work product. While a party or witness is entitled to a copy of his or her own statement, Rule 26(b)(3), a party is not entitled to a copy of the statement of an ordinary witness absent a proper showing of need. Wright, Miller & Marcus, Federal Practice & Procedure, § 2028 at p. 415.

**Initial Disclosures**: Michelle Attaway is ordered to provide initial disclosures to Defendants. See Rule 26(a)(1)(last paragraph)(later added parties must make their initial disclosures within 30 days).

Unless the parties otherwise agree in writing, Plaintiffs' supplementation required herein is due within **10 calendar days** of the clerk's filing date on this Order.

Except as set forth above, Defendants' Motion to Compel is denied.

THUS DONE AND SIGNED at Shreveport, Louisiana, on the 26 day of July, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE